(102 App. Div. 47.)

### QUINN v. NATIONAL SUGAR REFINING CO. et al.

(Supreme Court, Appellate Division, Second Department. February 15, 1905.)

**1. MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS.**

Plaintiff was employed at the time of his injury by a lighterage company, transporting sugar to the dock of defendant sugar refining company, and in such work a winch belonging to the refining company, operated by steam and an engineer furnished by it, was used by the lighterage company, which paid the refining company an agreed price per hour for such use. Plaintiff was injured by the negligence of such engineer. *Held* that, though the refining company was in a measure interested in the work, the engineer, under such circumstances, was plaintiff's fellow servant, for whose negligence the refining company was not liable.

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by William Quinn against the National Sugar Refining Company, impleaded with the Edward Stearns Lighterage & Transportation Company. From a judgment in favor of plaintiff against the National Sugar Refining Company, it appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Frank Verner Johnson, for appellant.

E. J. McCrossin, for respondent.

WOODWARD, J. On the 9th day of June, 1900, the plaintiff was employed by the Edward Stearns Lighterage & Transportation Company in unloading sugar from the lighter John F. Reymer upon the dock of the National Sugar Refining Company. The lighterage and transportation company was engaged in bringing bags of raw sugar upon its lighter to the dock of the sugar refining company, where it was to deliver the sugar upon the wharf. It made use of several lighters in this work, some of which were equipped with steam and winches, while others, including the John F. Reymer, were without such equipment. Whenever the lighter was without the winch equipment the lighterage company made use of a winch belonging to the National Sugar Refining Company, the appellant here, which winch was run by steam furnished by the sugar refining company, and was operated by an engineer in the employ of the latter. The lighterage company paid the sugar refining company an agreed price per hour for the use of this winch and the engineer, and it is clear from the evidence that the work performed was that for which the lighterage company was engaged. The plaintiff, while at work for the lighterage company in conveying the cargo of the lighter to the wharf, was knocked down and injured by a draught of five bags of sugar; which it is claimed was improperly set in motion through the negligence of the engineer of the winch in starting before receiving a proper signal. The action was originally brought against both companies, but upon the trial the complaint was dismissed as to the lighterage company, and it was sent to the jury on the material issues of fact raised by

the pleadings, resulting in a verdict in favor of the plaintiff, on which judgment has been entered. The defendant sugar refining company appeals.

We are unable to distinguish this case in principle from Breslin v. Sparks, 97 App. Div. 69, 89 N. Y. Supp. 627, where it was held that the plaintiff was the fellow servant of one who was in the general employ of a firm which supplied horses for doing a line of work similar to that in which the lighterage company was engaged at the time of the accident to the plaintiff, but who was engaged at the time in the same general occupation of unloading a ship. We fail to discover any legal distinction between the engineer of the defendant the sugar refining company and the driver of the defendant's horse in the case cited. In both cases they were the general servants of the defendants who were sought to be charged, but they were in the special employ of the same persons who were the employers of the plaintiffs, and they were engaged in a common occupation in furtherance of the business of the special employers. This question was raised by the defendant's motion to dismiss the complaint at the close of the case, and the refusal of the court to dismiss constituted reversible error, and the situation is not changed because the defendant's engineer was engaged in a work in which the defendant was in a measure interested. Wyllie v. Palmer, 137 N. Y. 248, 258, 33 N. E. 381, 19 L. R. A. 285, and authorities there cited; Higgins v. Western Union Telegraph Co., 156 N. Y. 75, 78, 50 N. E. 500, 66 Am. St. Rep. 537. Where there is unity of service and control in any particular employment, even though one of the servants is in the general employ of another, the law is well established that they are to be treated as co-servants as to the particular employment in which they are at the moment engaged. Breslin v. Sparks, supra, and authority cited.

The judgment and order appealed from should be reversed, with costs. All concur, except HIRSCHBERG, P. J., who dissents.